## THE STATE *v.* SAUVAINE.

Since the act of 1855, the jury cannot acquit a party of costs where they find him guilty.

APPEAL from the *Switzerland* Circuit Court.

WORDEN, J.—The appellee was indicted in the Court below for an assault and battery with intent to murder. The jury, on the trial, acquitted him of the intent charged, but found him guilty of the assault and battery, and as-

Nov. Term,
1859.

sessed his fine at 3 dollars, "without costs." The prosecutor moved the Court to render judgment against the defendant for the costs of the prosecution as well as the fine, but the motion was overruled, and it was adjudged by the Court that the defendant pay the fine assessed, but "that as to the costs of this suit, he go hence without day and be discharged."

The judgment as to the costs, was wrong. Since the act of 1855, a jury has not the authority, by their verdict, to acquit a party of costs where they find him guilty; and that part of the verdict must be regarded as surplusage. The defendant being convicted, he was liable for the costs of the prosecution, and judgment should have been rendered accordingly. This point was decided in the case of *The State* v. *Foster*, 9 Ind. R. 139.

*Per Curiam.*—The judgment discharging the defendant from the costs, is reversed, and the cause remanded with instructions to render judgment as above indicated, with costs in this Court.

*F. Atkinson*, for the state.